USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 25, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                       :

GEORGE A. DA COSTA,                          :

                               Plaintiff,    :    08 Civ. 2470 (PAC) (FM)

- against -                 :    MEMORANDUM
                                                      :    OPINION & ORDER
UNION LOCAL 306, IATSE and THE    :
SHUBERT ORGANIZATION,                :

                             Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff George A. da Costa ("Mr. da Costa")[1] brings this action against Defendants Union Local 306, IATSE ("Local 306") and The Shubert Organization ("Shubert") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et seq.; and Sections 101 and 609 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 411, 529. Mr. da Costa, who was once a member of Local 306 and an employee of Shubert, claims that Local 306 improperly caused Shubert to suspend his employment under the pretense that he failed to pay union dues.

Defendants move to dismiss the Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment under Rule 56. On August 12, 2009, Magistrate Judge Frank Maas issued a Report and Recommendation ("R&R") recommending that the Court grant the Defendants' motions to dismiss. The Court has reviewed the R&R, Mr. da Costa's timely objections, and

---

[1] Plaintiff points out that his name is "George da Costa," not George DaCosta. (Aff. in Support of Objection to the Report and Recommendation ("Objections") ¶ 22.)

Local 306's response to the objections.  For the reasons that follow, the Court adopts Magistrate Judge Maas' findings and recommendations, and the Defendants' motions to dismiss are granted.

**Background**

**I.     Facts**[2]

Mr. da Costa was employed by Shubert as an usher at the Ambassador Theater from 1995 until June 20, 2003.  Local 306 was the collective bargaining agent for ushers and other theater workers, and was party to a collective bargaining agreement ("CBA") with the League of American Theaters and Producers, Inc. ("League"), of which Shubert was a member.

The CBA contained a union security clause, which allowed Local 306 to seek the dismissal of union members for non-payment of dues.  Between June and November of 2002, Local 306 sent Mr. da Costa at least three letters advising him that he was in arrears in paying his union dues and that the union would seek his dismissal as an employee of Shubert, if he did not pay.  From December, 2002 though April, 2003, Mr. da Costa made several small payments to Local 306 pursuant to two different payment plans.  When Mr. da Costa ceased making payments against his delinquency, Local 306 sent him a "Final Notice" on June 12, 2003, stating that it would notify Shubert of his failure to abide by the CBA and request his dismissal.   On June 20, 2003, Mr. da Costa was suspended as an employee of Shubert and was barred from working as an usher. After his suspension, Mr. da Costa continued to communicate with the Defendants, and

---

[2] In the R&R, Magistrate Judge Maas set forth the facts in the light most favorable to Mr. da Costa.  The facts in this section are taken from the R&R.

2

on August 20, 2003, Local 306 sent him a letter confirming that he owed $303.35 in unpaid dues.

In March, 2003, prior to the suspension, the American Federation of Musicians declared a strike against the League. As a result of the strike, performances at the Ambassador and other League theaters were cancelled for March 7, 8, 9 and 10. Because the League only paid Local 306 employees for one of the four missed performances, Local 306 filed a grievance against the League contending that its failure to pay Local 306 members for the other three days of the strike violated the CBA. The grievance was arbitrated, and a hearing was held on March 8, 2004. On June 30, 2004, the arbitrator issued a sixteen-page Opinion and Award finding that the League's failure to pay Local 306 members for the missed performances did not violate the CBA.

Alleging that Local 306 violated Sections 8(b)(1)(A) and (b)(2) of the NLRA, 29 U.S.C. §§ 158(b)(1)(A), (b)(2), Mr. da Costa filed a charge with the National Labor Relations Board ("NLRB") on October 23, 2003. In his charge, and in subsequent letters to the NLRB, Mr. da Costa asserted that Local 306 had failed to provide him with statements setting forth the correct amount of the dues he owed and that Local 306 caused his termination because he voiced his dissent in connection with the musician strike – not because of any unpaid dues. Mr. da Costa also asserted that Local 306 had failed to adequately represent its members because it did not take legal action after the League refused to pay ushers for all four days of the strike.

In a letter dated February 10, 2004, the NLRB informed Mr. da Costa that Local 306 had proposed a settlement whereby Local 306 would waive his debt and inform Shubert that it did not object to his returning to work. Mr. da Costa declined to settle and

on February 13, 2004 advised the NLRB that he intended to pursue his claims in court. After conducting an investigation, the NLRB determined that Local 306 acted lawfully in requesting Mr. da Costa's dismissal and did not breach its duty of fair representation in connection with the musician strike.  On February 25, 2004, the NLRB sent Mr. da Costa a letter informing him that his charge was dismissed.  On May 13, 2004, the NLRB Office of General Counsel denied Mr. da Costa's appeal.  After sending several letters to the NLRB requesting the production of Local 306 documents pertaining to the amount of dues he owed, in 2007 Mr. da Costa filed new charges with the NLRB, which were also dismissed.

Mr. da Costa also filed a complaint in the New York County Supreme Court on June 1, 2004 against Local 306 and Shubert seeking $500,000 in damages.  Mr. da Costa alleged that: the debt relied upon by Local 306 in seeking his discharge was unsubstantiated and possibly fabricated; Local 306 punished him for complaining about its handling of the musician strike; Shubert acted improperly in acquiescing in Local 306's request that he be discharged because the request was based on false information; and Shubert breached the CBA by failing to pay him for all the performances missed during the musician strike.  On October 22, 2004, Justice Rosalyn Richter entered two separate minute orders dismissing Mr. da Costa's complaint against Local 306 and Shubert on preemption, statute of limitations and other grounds.

On May 31, 2007, Mr. da Costa filed charges with Equal Employment Opportunity Commission ("EEOC") alleging that he had been the victim of unlawful retaliation.  Mr. da Costa repeated the allegations he had made in his NLRB charge and his State Court complaint.

4

## II.     The Federal Action

On October 15, 2007, Mr. da Costa submitted two separate complaints to the Pro Se Office, one against Local 306 and the other against Shubert. In each complaint, Mr. da Costa alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. By order dated March 11, 2008, Chief Judge Kimba Wood found that Mr. da Costa's complaints failed to state a claim under Title VII. Noting that he may have been attempting to bring a so-called "hybrid Section 301/DFR" claim against the Defendants under Section 301 of the LMRA, 29 U.S.C. § 185, and Section 9(a) of the NLRA, 29 U.S.C. § 159(a), or a claim under Sections 101, 102 and 609 of the LMRDA, 29 U.S.C. §§ 411-412, 529, Judge Wood granted Mr. da Costa leave file a single amended complaint against both Defendants. Mr. da Costa filed an amended complaint on May 21, 2008 and his SAC on November 12, 2008.

As construed by Magistrate Judge Maas, the SAC asserts both hybrid Section 301/DFR and LMRDA claims. To establish a hybrid Section 301/DFR claim, a plaintiff must show, "(1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-à-vis the union members." White v. White Rose Food, 237 F.3d 174, 178 (2d Cir. 2001). Section 301 of the LMRA governs the duty of employers to honor collective bargaining agreements; the duty of fair representation imposed on unions is "implied under the scheme of the . . . [NLRA]." White v. White Rose Food, 128 F.3d 110, 113 (2d Cir. 1997). Mr. da Costa's hybrid Section 301/DFR claims are based on his allegations that: (a) Shubert improperly

suspended him in reliance on Local 306's extortionate requests for dues and failure to provide adequate documentation of his unpaid dues; (b) Shubert misrepresented the "working journey of its ushers as smaller than prescribed by the . . . [CBA] being paid at a higher hourly rate[,]" (Aff. of George A. da Costa in Support of the SAC ("da Costa Aff.") ¶ 4(f).), a wrong which Local 306 failed to remedy; and (c) Shubert violated the CBA by not paying ushers during the musician strike, another wrong which Local 306 neglected to remedy.

Section 101(a)(5) of the LMRDA provides, "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization . . . unless such member has been (A) served with written specific charges; (B) given reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5). Pursuant to Section 609, it is "unlawful for any labor organization . . . to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter." 29 U.S.C. § 529. As a basis for his LMRDA claims, Mr. da Costa alleges that: (a) Local 306 refused to disclose the amount of dues he allegedly owed; (b) Local 306 caused his suspension in retaliation for his complaints regarding the musician strike; and (c) Local 306 refused to explain or correct Shubert's misrepresentation of the "working journey" of its ushers.

**III.    Magistrate Judge Maas' R&R**

In his R&R, Magistrate Judge Maas presented a meticulous review of the facts, Mr. da Costa's allegations, and the applicable law. He recommends that the Court grant the Defendants' motions to dismiss the SAC.

Magistrate Judge Maas first determined that the judgment of the New York County Supreme Court dismissing Mr. da Costa's claims does not bar this action under the doctrines of res judicata or collateral estoppel because that court was not a court of competent jurisdiction for purposes of Mr. da Costa's claims under federal labor laws. (R&R at 16-18.)  While Magistrate Judge Mass noted that Mr. da Costa may well be bound by the arbitrator's finding that Shubert did not violate the CBA by failing to pay Local 306 members during the musician strike, he declined to resolve the question. (Id. at 19.)

Next, Magistrate Judge Mass held that all of Mr. da Costa's claims are untimely. (Id. at 20-27.)  Explaining that hybrid Section 301/DFR claims are governed by a six-month statute of limitations, Magistrate Judge Maas determined that Mr. da Costa knew or should have known of his claims against Local 306 and Shubert based on his unpaid dues and the "working journey" of ushers by June 20, 2003, the date of his suspension. (Id. at 21.)  As for Mr. da Costa's hybrid Section 301/DFR claim arising out Shubert's failure to pay Local 306 members during the musician strike, Magistrate Judge Maas found that the claim accrued by June 30, 2004, when the arbitrator denied Local 306's grievance. (Id.)  Even using the latter of these two dates as the starting point, this action was not commenced until over three years later in October of 2007 and therefore Magistrate Judge Maas held that Mr. da Costa's hybrid Section 301/DFR claims are untimely. (Id.)

Magistrate Judge Maas explained that Mr. da Costa's claims under the LMRDA are subject to a three-year statute of limitations which commences at the end of a four-month statutory period intended to allow union members to pursue internal administrative

7

remedies.  (Id.)  Magistrate Judge Maas determined that the claim based on the failure of Local 306 to disclose the amount of dues he allegedly owed accrued on October 23, 2003, when he filed a charge with the NLRB.  That statute of limitations expired four months, three years later on February 23, 2007.  Because his retaliation and "working journey" claims are both wage related, Magistrate Judge Maas found those claims time-barred because they accrued when Mr. da Costa was suspended on June 20, 2003 – nearly four years and four months before this action was commenced.  (Id. at 22-23.)

      Mr. da Costa next contends that the statute of limitations should be equitably tolled because he was mislead by the NLRB and the Department of Labor and because torts committed by the Defendants prevented him from filing suit.  (Id. at 23-27.)  Mr. da Costa failed to allege that government officials said anything that could have caused him to reasonably believe that he did not need to commence this action sooner.  Accordingly, Magistrate Judge Maas rejected the argument that the statute of limitations should be tolled because of governmental misconduct.  (Id. at 25.)

      Mr. da Costa became homeless on June 27, 2004, and has since been treated for paranoid schizophrenia.  (Id. at 25-26.)  Mr. da Costa blames the Defendants for his homelessness and psychological problems and contends that these conditions call for tolling the statute.  While sympathetic, Magistrate Judge Maas concluded there was no basis for finding homelessness constituted an "extraordinary circumstance," precluding the timely filing of this suit.  Magistrate Judge Maas pointed out that, despite his homelessness, Mr. da Costa has been able to assemble and submit extensive papers.  As to his psychological disorder, Magistrate Judge Maas determined that it did not render Mr. da Costa unable to pursue his legal rights within the period of limitations.  (Id. at 26.)

Finally, even if Mr. da Costa's claims were considered timely, Magistrate Judge Maas recommended dismissal under Rule 12(b)(6) for failure to state a claim. (Id. at 27-34.) Considering the hybrid Section 301/DFR claims, Magistrate Judge Maas noted that many of Mr. da Costa's purported factual assertions are nothing more than legal conclusions, which are not assumed to be true. Magistrate Judge Maas found that Mr. da Costa's hybrid Section 301/DFR claim based on his suspension does not state a claim because Mr. da Costa never alleged that he paid his dues in full. (Id. at 30.) Local 306 pursued a grievance against the League for failing to pay union members during the musician strike; and accordingly, the claim that Local 306 violated the duty of fair representation in connection with the strike was implausible. (Id. at 32.) Considering Mr. da Costa's hybrid Section 301/DFR claim based on Shubert's alleged misrepresentation of "the working journey of its ushers," Magistrate Judge Maas found Mr. da Costa's conclusory allegations to be implausible because the CBA establishes that ushers are paid on a weekly or per performance basis, not by the hour. (Id. at 32.) Moreover, even if his "working journey" claim was plausible, Magistrate Judge Maas noted that the claim would still fails because Mr. da Costa did not attempt to pursue a grievance with Local 306 prior to filing suit as required by Vaca v. Sipes, 386 U.S. 171, 184 (1967). (Id. at 33.)

As for the LMRDA claims, Magistrate Judge Maas determined that the SAC failed to state a claim against Local 306 based on the union's alleged failure to disclose that correct amount of dues owed by Mr. da Costa because Section 101 (a)(5) expressly provides that suspension or expulsion of a union member for failure to pay dues does not require notice or other due process rights. (R&R at 33). Magistrate Judge Maas held that

9

Mr. da Costa's claim that Local 306 violated Section 609 by seeking his suspension because he complained about non-payment of wages during the musician strike lacked support in light of the fact Local 306 pursued a grievance against the League.  (Id. at 33-34.)  Regarding Mr. da Coststa's LMRDA "working journey" claim, Magistrate Judge Maas observed that Mr. da Costa failed to set forth any facts in support of his assertion that Local 306 acted improperly.  (Id. at 34.)

## Discussion

### IV.     Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When a timely objection has been made to the recommendations of the magistrate judge, the court is obligated to review the contested issues de novo.  Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998).  The Court, however, "may adopt those portions of the Report [and Recommendation] to which no objections have been made and which are not facially erroneous."  La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y 2000).

### V.      Mr. da Costa's Objections

The Court has reviewed Mr. da Costa's timely objections to the R&R and finds them to lack merit.  Consequently, the Court adopts Magistrate Judge Maas' R&R in its entirety.

The bulk of Mr. da Costa's Objections are related to Magistrate Judge Maas' recommendation that the statute of limitations not be tolled.  (Objections ¶¶ 48-103.)  Mr. da Costa's first challenges Magistrate Judge Maas' determination that the limitations

period should not be tolled based on representations made by the NLRB and the Department of Labor.

In addition to reiterating his assertion that he was mislead by the NLRB, Mr. da Costa now contends that he was also mislead by Judge Richter, "legal aid lawyers," and the EEOC.  (Id. ¶¶50-65.)  To invoke equitable tolling based on governmental misconduct, the acts of the government must "amount to affirmative misconduct on the government's part aimed at causing [the plaintiff] to forgo his legal rights."  Vernon v. Cassadaga Valley Cent. School Dist., 49 F.3d 886, 891 (2d Cir. 1995); see Smith v. Henderson, 137 F. Supp. 2d 313, (S.D.N.Y. 2001) ("The Second Circuit has held that equitable tolling is appropriate only where the government deliberately mislead the plaintiff to rely to his detriment.").  Mr. da Costa has not set forth any misconduct on the part of the Judge Richter, the EEOC or the NLRB, let alone affirmative misconduct aimed at causing him to forgo his legal rights.

In extremely limited circumstances the representations of an attorney may suffice to toll the statute of limitations.  See e.g., Torres v. Barnhart, 417 F.3d 276, 279-81 (2d Cir. 2005).  Mr. da Costa's allegation that legal aid lawyers told him that Judge Richter's dismissal "had closed all the doors for an appeal and was final[,]" (Objections ¶ 51), does not, however, amount to "compelling circumstances" calling for the limitations period to be tolled.  United States v. All Funds Distributed To, ex rel., Weiss, 345 F.3d 49, 54-55 (2d Cir. 2003) ("We have defined equitable tolling rules as those that allow a court 'under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order to prevent inequity.'") (quoting M.D. v. Southington Bd. Of Educ., 334 F.3d 217,

11

223 (2d Cir. 2003)). Indeed, the legal aid lawyers' alleged statement was unrelated to Mr. da Costa's claims under federal labor laws.

Mr. da Costa also challenges Magistrate Judge Maas' conclusion that the limitations period should not be tolled because of his homelessness. (Objections ¶¶ 66-103.) While as a homeless person Mr. da Costa undoubtedly faced terrible hardships,[3] these hardships did not prevent him from prosecuting this action once it was filed. While Mr. da Costa's submissions to the Court have been typewritten and bound, to file a pro se complaint one needs only to fill out a simple form. It cannot be said that Mr. da Costa's homelessness prevented him from commencing suit within the limitations period.

In a final attempt to bring this action within the statute of limitations, Mr. da Costa contends that Local 306 violated the LMRDA when it failed to disclose the amount of dues he allegedly owed in answering his state court complaint on July 7, 2004. (Id. ¶¶ 104-113.) This action was commenced three years, three months and eight days after Local 306 filed its answer in the State proceeding. Yet, even assuming Local 306's answer gives rise to a cause of action, it is doubtful that Mr. da Costa's claim is timely.

As pointed out by Magistrate Judge Maas, claims under Sections 101(a)(5) and 609 of the LMRDA are subject to a three-year statute of limitations. See Gvozdenovic v. United Airline, Inc., 933 F.2d 1100, 1107 (2d Cir. 1991) (applying New York's three-year statute of limitations to LMRDA claim). Section 101(a)(4) of the LMRDA provides that members of a union "may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof." 29 U.S.C. § 411(a)(4). While in light of this provision Magistrate Judge Maas added an

---

[3] By letter dated July 17, 2009, Mr. da Costa informed the Court that he is no longer homeless.

additional four months onto the three-year statute of limitations applicable to Mr. da Costa's LMRDA claims, Section 101(a)(4) only acts to toll the statute if the plaintiff actually takes advantage of the union's administrative hearing procedures – something Mr. da Costa did not do. See Legutko v. Local 816, Int'l Bhd. of Teamsters, 853 F.2d 1046, 1053-55 (2d Cir. 1988) (refusing to toll the statute of limitations under Section 101(a)(4) because plaintiff did not take advantage of union's "established procedures for filing a grievance."). In any event, not only was Local 306 not required to disclose in its answer the amount of dues owed by Mr. da Costa, see N.Y. C.P.L.R. 3018, Magistrate Judge Maas correctly found that Local 306's alleged failure to disclose the amount of dues owed does not amount to a violation of Section 101(a)(5) of the LMRDA. (R&R at 33); see 29 U.S.C. § 411(a)(5) ("No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues . . . . unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.") (emphasis added).[4]

Turning to the substance of his claims, Mr. da Costa contends that he was the victim of extortion by Local 306 and was forced to pay more dues than he owed for the year 2001. (Objections ¶ 31.) In support of this contention, Mr. da Costa has submitted a number of money order receipts. (da Costa Aff., Ex. B, Enc. 5; Objections, Ex. 3, Encl. 2.) In light of these receipts, Mr. da Costa challenges the conclusion of Magistrate Judge Maas that because the SAC does not allege that he paid his dues in full his suspension

---

[4] In a letter addressed to the Court dated September 18, 2009, Mr. da Costa apparently concedes that under Section 101(a)(5) of the LMRDA Local 306 was not required to disclose the amount of dues Mr. da Costa owed. In the letter, Mr. da Costa informs the Court that he intends the petition the Congress "in order to bring their attention the urgency to have this bizarre provision of the law revoked as soon as possible." Attached to Mr. da Costa's letter to the Court is a letter to the President of the United States informing the President of the various injustices Mr. da Costa believes he has suffered and offering suggestions on how to reform the judicial process.

was proper.  Yet, in stating that he did not succumb to Local 306's allegedly extortionate requests for dues for the years 2002 and 2003, Mr. da Costa apparently concedes that he did not pay the full amount of dues requested by the union for those years.  (Id.)  Because the SAC is devoid of any factual support for Mr. da Costa's allegation that Local 306 attempted to extort him, Magistrate Judge Maas' correctly found that Mr. da Costa failed to pay his dues and thus that his suspension was proper.

Mr. da Costa's final objection is to Magistrate Judge Maas' determination that the SAC failed to state either a hybrid Section 301/DFR or LMRDA claim based on the "working journey" of ushers employed by Shubert.  (Id. ¶¶ 42-47.)  It is still not clear what Mr. da Costa means when he alleges that Shubert misrepresents the "working journey of its ushers as a smaller one paid at a higher hourly rate[.]" (da Costa Aff. ¶ 71.).  The claim appears to be based on what Mr. da Costa believes is a discrepancy between the hourly overtime rate provided for in CBA and the rate set forth in pay stubs provided by Shubert.  (Objections ¶ 43.)   Mr. da Costa's Objections provide:

> In fact, **is it possible** (?), and that will be checked immediately with the Internal Revenue Service and the U.S. Labor Department, that Shubert Organization may misrepresent itself, for taxation and other reasons and health benefits owed to its employees, as a small business with a few full time employees and a larger number of part time employees, although I cannot make such accusation yet.

(Id. ¶ 45.)  Yet, Mr. da Costa does not contend that ushers were in fact paid less than they were due under the CBA or that they were denied health benefits; indeed he seems to contend that the ushers were overpaid.  (Id. ¶ 43.)  Mr. da Costa has failed to set forth a viable objection to Magistrate Judge Maas' determination that Mr. da Costa's conclusory allegation concerning the "working journey" of ushers fails to state a plausible claim. (R&R at 32.)

## Conclusion

For the forgoing reasons, Defendants' motions to dismiss are GRANTED and Mr. da Costa's SAC is DISMISSED. The Clerk of the Court is directed to close this matter.

Dated: New York, New York
       September 25, 2009

                                             SO ORDERED

                                             /s/ Paul A. Crotty
                                             PAUL A. CROTTY
                                             United States District Judge


Copies To:   Honorable Frank Maas
             United States Magistrate Judge

             George A. da Costa
             383 E. 195th Street
             Apt. 4E
             Bronx, NY 10458

             Eric R. Greene
             Spivak Lipton, LLP
             1700 Broadway
             21st Fl.
             New York, NY 10019

             Peter Michael Panken
             Tracey Ann Cullen
             Epstein, Becker & Green, P.C. (New York)
             250 Park Avenue
             New York, NY 10177